IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:12-CR-175-O-33 |
| | § | |
| DWAYNE BRIGHAM, #46056-177 | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's October 2 and November 4, 2014 motions for leave to proceed *in forma pauperis* and letters seeking clarification of sentence and copy of sentencing and plea transcripts – all referred to the Magistrate Judge under 28 U.S.C. § 636(b). [Doc. 1358; Doc. 1359; Doc. 1390].

Defendant is presently confined within the Bureau of Prisons (BOP) in Fort Dix, New Jersey, serving the 120-month sentence imposed in this case in December 2013. He seeks credit for 20 months that he claims he served in state custody. [Doc. 1390 at 1]. He asserts the sentencing and plea transcripts support his request for relief. [Doc. 1390 at 1].

A criminal defendant is not entitled to a copy of court proceedings at government expense to peruse the record for possible grounds for habeas corpus relief.[1] *See United States v. MacCollom*, 426 U.S. 317, 325-326 (1976); *Cowan v. United States*, 445 F.2d 855, 855 (5th Cir. 1971) (per curiam). Defendant is advised, however, that he is not required to file a transcript of his criminal proceedings with a habeas corpus petition under 28 U.S.C. § 2241.

Moreover, because he is now confined in Fort Dix, New Jersey, the Court lacks jurisdiction to consider his request for time credit construed as a section 2241 habeas petition.

---

[1] Since Defendant did not file a direct appeal, the record of the rearraignment and sentencing hearings were not transcribed.

*See Lee v. Wetzel,* 244 F.3d 370, 373-374 and n. 3 (5th Cir. 2001) (district of incarceration is the only district with jurisdiction to entertain a section 2241 petition).[2]

Accordingly, it is recommended that Defendant's motions for transcripts and for leave to proceed *in forma pauperis* [Doc. 1358; Doc. 1359; Doc. 1390] be **DENIED** and that his motion for clarification of sentence [Doc. 1390], construed as a habeas corpus petition under 28 U.S.C. § 2241, be **DISMISSED without prejudice** for want of jurisdiction.

SIGNED November 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court previously advised Defendant that the proper method for challenging the calculation of his sentence by the BOP is through a habeas corpus petition under 28 U.S.C. § 2241. [Doc. 1306]. Defendant must also exhaust his administrative remedies before seeking habeas relief under section 2241. *See Brigham v. Batts*, No. 3:14-CV-1418-O-BK, 2014 WL 3893908 (N.D. Tex. Aug. 6, 2014) (dismissing without prejudice section 2241 habeas petition seeking credit for 20-month spent in state custody (same issue as in this case) for failure to exhaust administrative remedies).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE